UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP HERNDON,

    Plaintiff,                           Case No. No. 2:16-cv-12662

v.                                         HONORABLE STEPHEN J. MURPHY, III

PAUL KLEE,

    Defendant.

_____/

**ORDER TRANSFERRING SECOND OR SUCCESSIVE HABEAS PETITION
TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

    Petitioner, Phillip Herndon, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. According to the Michigan Department of Correction's website, Herndon was convicted in 1993 in the Recorder's Court for the City of Detroit of three counts of assault with intent to commit murder and possession of a firearm during the commission of a felony. Herndon was sentenced to concurrent terms of 20 to 30 years imprisonment for the assault with intent to murder convictions and a consecutive term of two years imprisonment for the felony firearm conviction. Because Petitioner previously filed a habeas petition under § 2254 challenging these convictions, this case will be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) on the grounds that this Court does not have jurisdiction absent an order of authorization to consider this successive habeas petition from that Court.

    The petition alleges that Herndon's convictions are invalid because the state court never acquired jurisdiction to try him. Herndon challenged his convictions in a prior federal habeas action, raising claims concerning the right to confront witnesses, the sufficiency of the evidence, the exclusion of evidence, the withholding of evidence, the effectiveness of

defense counsel, and the trial court's jurisdiction. That petition was denied because it was filed after expiration of the statute of limitations. *See Herndon v. Curtin*, No. 2:09-cv-12213 (E.D. Mich. March 15, 2010).

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The instant case constitutes Herndon's second petition for habeas relief. *See In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (petition denied as untimely is a determination "on the merits" for purposes of the successive petition rule). Petitioner, therefore, cannot proceed with his new petition without first acquiring permission to file a second or successive habeas petition from the court of appeals. Accordingly, the Clerk of the Court

2

shall transfer this case to the Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether this Court may consider Petitioner's habeas corpus claims.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**SO ORDERED**.

                                s/Stephen J. Murphy, III
                                STEPHEN J. MURPHY, III
                                United States District Judge

Dated: August 5, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 5, 2016, by electronic and/or ordinary mail.

                                s/Carol Cohron
                                Case Manager